IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.:

| | |
|---|---|
| LISA MICHAEL,<br><br>    Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON, INC., a Wisconsin Corporation; MAURICE, INC. d/b/a OUTER BANKS HARLEY-DAVIDSON, a Virginia Corporation; ROMMEL MOTORSPORTS OF NORTH CAROLINA, INC., a North Carolina Corporation; SHELTON'S HARLEY-DAVIDSON, INC. d/b/a SHELTON'S HARLEY-DAVIDSON MALL SHOP, a North Carolina Corporation.<br><br>    Defendant(s). | |

## COMPLAINT

Plaintiff Lisa Michael, for her complaint against Harley-Davidson, Inc., Maurice, Inc. d/b/a Outer Banks Harley-Davidson, Rommel Motorsports Of North Carolina, Inc., and Shelton's Harley-Davidson, Inc. d/b/a Shelton's Harley-Davidson Mall Shop, (collectively referred to as "Defendants") alleges the following:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*., arising from Defendants' unauthorized use of Plaintiff's copyrighted photograph of a motorcycle and its rider as the central element in an "Iron Elite" advertising campaign, including the creation of a derivative, wearable "patch" display of the work, and for false designation of origin under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§

1051, *et seq.*, unfair and deceptive trade practices under N.C. Gen. Stat. §§ 75-1.1, *et seq.*, and unfair competition under North Carolina common law, arising from Defendants' removal of a label from Plaintiff's work that identified Plaintiff as the source of that work. Plaintiff seeks damages, an accounting of Defendants' profits from their wrongful activities, and additional relief set forth below.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a citizen of the State of North Carolina, residing in Johnston County. She is a professional photographer, and she advertises her work at the web site www.lisamichael.com, which she owns and maintains ("Website"). Plaintiff frequently licenses her photographic works to customers, who typically pay an agreed upon license fee in order to obtain the right to use Plaintiff's work pursuant to the terms of a license agreement.

3. Upon information and belief, Harley-Davidson, Inc. ("H-D") is a Wisconsin Corporation with a principal office located at 3700 West Juneau Avenue, Milwaukee, Wisconsin 53208. Defendant H-D can be served through is registered agent, CT Corporation System, 8020 Excelsior Dr. Ste. 200, Madison, Wisconsin 53717. Upon information and belief, Defendant H-D actively participated in and coordinated the infringing acts described herein below, facilitated and encouraged the infringing acts of the other Defendants, including the selection and unauthorized modification of Plaintiff's copyrighted work, the removal of Plaintiff's identifying label from the work, the unauthorized reproduction of Plaintiff's copyrighted work, and the unauthorized display and distribution of the infringing work in this state and in this district, among other places. Upon information and belief, Defendant H-D derives substantial revenue from transactions with residents of North Carolina, has caused tortious injury within this state, conducts ongoing business within North Carolina, and is subject to the jurisdiction of this Court.

4. Upon information and belief, Maurice, Inc. d/b/a Outer Banks Harley-Davidson ("Outer Banks H-D") is a Virginia Corporation with principal office located at 2211 Frederick Boulevard, Portsmouth, Virginia 23704. Outer Banks H-D can be served via its registered agent Slaughter Maurice at 8739 Caratoke Highway, Harbinger, North Carolina 2794. Upon information and belief, Defendant Outer Banks H-D operates a motorcycle dealership in North Carolina, derives substantial revenue from transactions with residents of North Carolina, has caused tortious injury within this state, conducts ongoing business within North Carolina, and is subject to the jurisdiction of this Court.

5. Upon information and belief, Defendant Rommel Motorsports of North Carolina, Inc. ("Rommel") is a North Carolina Corporation with its principal office located at 300 Muldee Street, Durham, North Carolina 27703. Defendant Rommel can be served through its registered agent, Corporation Service Company, at its registered mailing address of 327 Hillsborough Street Raleigh, North Carolina 27603.

6. Upon information and belief, Defendant Shelton's Harley-Davidson, Inc. d/b/a Shelton's Harley-Davidson Mall Shop, is a North Carolina Corporation with a principal and registered office located at 606 Corporate Drive, Goldsboro, North Carolina 27534 and a principal place of business located at 1043 Outlet Center Drive, Smithfield, North Carolina 27577-6022. It can be served via its agent Sharon T. Davis at its registered office.

7. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because this suit arises under the Federal Lanham Act and the Federal Copyright Act. This court has supplemental jurisdiction over Plaintiff's related North Carolina statutory and common-law unfair competition claims pursuant to 28 U.S.C. §§ 1338 and 1367.

3

Case 5:15-cv-00346-H   Document 1   Filed 07/21/15   Page 3 of 11

8. This Court has personal jurisdiction over the Defendants because they have caused tortious injury in this state and in this district by infringing the rights of Plaintiff, a citizen and resident of this state, by deceptively promoting and displaying Plaintiff's work within this state and this district, by causing infringing items to be displayed in this state and in this district, and by deriving substantial revenue from transactions with residents of this state.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this district, the property that is the subject of this action is situated here, and Defendants have caused tortious injury in this district and may be found in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff is a professional photographer who lives and works in and around Raleigh, North Carolina, and who provides photography services and licensing of images to clients in exchange for payment. The photographs created by the Plaintiff are her original creations, for which she owns all rights, including copyrights. Many of the photographs provided to clients by Plaintiff are for specific, limited uses, and are digitally marked to identify Plaintiff as the source of the photographs.

11. Plaintiff took the photograph attached as **Exhibit A** ("Photograph") on or about September 20, 2014. Plaintiff licensed the photograph to a local Harley-Davidson dealer, Ray Price Harley-Davidson ("Ray Price"), for limited use in online advertising by Ray Price *only* and added a digital watermark to the lower right corner of the photograph indicating that the photograph came from the Plaintiff's Website. The Photograph was provided to Ray Price on or about September 21, 2014.

12. The Photograph is an original work of authorship, embodying copyrightable subject matter, and is subject to the full protection of the U.S. Copyright laws. The photograph is a pictorial work within the meaning of 17 U.S.C. §101.

13. On or about July 6, 2014, Plaintiff applied for a copyright registration for the Photograph from the United States Copyright Office. A true and correct copy of the receipt for the copyright registration application for the Photograph, together with a copy of the photograph as submitted to the Copyright Office, is attached hereto as **Exhibit B**.

### Defendants' Infringing Actions

14. Upon information and belief, sometime after September 2014, Defendants, without permission or authorization from Plaintiff, obtained and began using an unauthorized copy of the Photograph. Upon information and belief, Defendant H-D removed or caused the removal of the digital watermark and authorship notices from the work in an attempt to hide the fact that it came from Plaintiff. Defendant H-D then utilized the photograph as part of its "Iron Elite" campaign, which celebrates the history of African-American riders of Harley-Davidson motorcycles, including by producing and selling a promotional patch that features a derivative version of the Photograph ("Patch") at Defendants' North Carolina Harley-Davidson dealership locations.

15. Examples of Defendants' infringing reproductions of Plaintiff's Photograph are attached collectively hereto as **Exhibit C**.

16. Upon information and belief, Defendants' reproduction, distribution, and display of the infringing Photograph, as described above, have resulted in a cycle of further reproduction, distribution, and display by Defendants and other third parties on various social platforms and/or websites.

5

Case 5:15-cv-00346-H   Document 1   Filed 07/21/15   Page 5 of 11

17. Upon information and belief, each of the Defendants either participated directly in the reproduction, distribution, and display of infringing images, including the Patch, or had, at all relevant times, the right and ability to control, and a financial interest in, such actions.

18. Upon information and belief, Defendants either knew or should have known of Plaintiff's rights as the creator and copyright owner of the Photograph.

19. Plaintiff is entitled to damages as a result of (i) Defendants' infringing reproduction, display, creation of unauthorized derivatives, and other commercial use of Plaintiff's copyrighted work, and (ii) the intentional removal of Plaintiff's identifying label to obscure her association with the Photograph.

### FIRST CLAIM FOR RELIEF
### (False Designation of Origin Under 15 U.S.C. § 1125(a) Against Defendant H-D)

20. The allegations of the preceding paragraphs of the Complaint are repleaded and incorporated by reference as if fully restated herein.

21. Upon information and belief, Defendant H-D intentionally cropped and otherwise removed the digital watermark and authorship notices on the Photograph in order to conceal Plaintiff's affiliation with that work.

22. Defendant H-D's conduct in removing Plaintiff's identifying digital label was intentionally devised to deceive consumers and to pass off Plaintiff's photograph as being that of Defendant.

23. Defendant H-D's conduct, as described above, is likely to cause confusion, to cause mistake, and/or to deceive the public as to the source or origin of the Photograph as reproduced and displayed by it and the other Defendants. Because of such use, members of the public are likely to believe that Defendant is the source or origin of the Photograph when, in fact, it is not.

24. Defendant H-D's conduct, as described above, constitutes a use in commerce of false designations of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25. Plaintiff has been and will be injured as a direct and proximate result of Defendant H-D's false designations of origin. In addition, Defendant has been unjustly enriched, and will be unjustly enriched, by reason of its false designations of origin. The total amount of damages that Plaintiff has sustained or will sustain, and the total amount of Defendant's undeserved profits, which it should be required to disgorge to Plaintiff, will be proved at trial.

26. In light of Defendant H-D's evident willfulness in intentionally removing or concealing Plaintiff's digital watermarks, and all Defendants' repeated use of Plaintiff's photographs with the identifying label removed, this should be considered an exceptional case under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices Under N.C. Gen. Stat. § 75-1.1, *et seq.*, Against Defendant H-D)

27. The allegations of the foregoing paragraphs are repleaded and incorporated by reference as if fully restated herein.

28. Defendant H-D's conduct alleged herein, including its removal of the identifying label from Plaintiff's work prior to displaying it, is in commerce and affects commerce in the State of North Carolina, and has a tendency to deceive and mislead.

29. Defendant H-D's conduct as described above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq*.

30. Plaintiff has been and will be injured as a direct and proximate result of Defendant H-D's unfair and deceptive acts and practices as alleged above. In addition,

Defendant has been unjustly enriched, and will be unjustly enriched, by reason of its false designations of origin. The total amount of damages that Plaintiff has sustained or will sustain, and the total amount of profits that Defendant should be required to disgorge, will be proved at trial. Such damages should be trebled pursuant to N.C. Gen. Stat. § 75-16.

31. Upon information and belief, Defendant H-D has willfully engaged in the acts and practices alleged above, justifying an award of attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition Against Defendant H-D)

32. The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as if fully restated herein.

33. Defendant H-D's conduct alleged herein, including its removal of the identifying label from Plaintiff's work, constitutes unfair competition in violation of the common law of the State of North Carolina.

34. Plaintiff has been injured and will continue to be injured by reason of Defendant H-D's unfair competition. In addition, Defendant H-D has been unjustly enriched, and will be unjustly enriched, by reason of its false designations of origin. The total amount of damages that Plaintiff has sustained or will sustain, and the total amount of unjust profits that Defendant should be required to disgorge, will be proved at trial.

## FOURTH CLAIM FOR RELIEF
### (Copyright Infringement (Direct, Contributory, and Vicarious) Under 17 U.S.C. § 501 Against All Defendants)

35. The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as if fully restated herein.

36. Plaintiff did not authorize Defendants to copy, reproduce, display, or distribute the Photograph, nor to prepare derivative works based on the Photograph.

37. Upon information and belief, Defendants have displayed publicly, reproduced, used in commerce, distributed, and prepared derivative works based upon Plaintiffs' Photograph that copy protectable expression of Plaintiff, all in violation of the Copyright Act, 17 U.S.C. § 501.

38. Plaintiff has been and will be further injured as a direct and proximate result of Defendants' copyright infringement.

39. In addition, Defendants have been unjustly enriched, and will be unjustly enriched, by their unauthorized reproduction, display, and other use of Plaintiff's copyrighted photograph. Pursuant to Section 504 of the Copyright Act, 17 U.S.C. § 504, Plaintiff is entitled to recover from Defendants the damages she has sustained and will sustain, and any profits obtained by Defendants in connection with the infringing activity. The total amount of such damages and profits cannot currently be fully ascertained by Plaintiff, but will be proved at trial.

40. Upon information and belief, Defendants all either participated directly in the infringement of Plaintiff's copyright, or had, at all relevant times, the right and ability to control, and a financial interest in, such infringing actions.

41. Defendants are jointly and severally liable to Plaintiff for all damages caused by their infringements, and are liable to Plaintiff for disgorgement of their respective profits derived from infringing activity.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

1. That Plaintiff have and recover of Defendants such actual damages as Plaintiff may prove at trial resulting from Defendants' acts of copyright infringement, false designation, unfair competition, and/or unfair and deceptive trade practices;

2. That each Defendant account to Plaintiff for all profits derived from the unauthorized use of Plaintiff's photographs and Defendants' acts of copyright infringement, false designation, unfair competition, and/or unfair and deceptive trade practices, and that Defendants be ordered to disgorge all such profits to Plaintiff;

3. That such damages as they relate to unfair competition and unfair and deceptive trade practices be trebled pursuant to 15 U.S.C. § 1117 and N.C. Gen. Stat. § 75-16;

4. That, in the alternative to treble damages, Plaintiff have and recover punitive damages from Defendants for its acts of unfair competition;

5. That the costs of this action, including a reasonable attorneys' fee for Plaintiffs attorneys, be taxed against Defendants, as allowed by law;

6. That Plaintiff be awarded interest, including prejudgment interest, on the foregoing sums;

7. That Plaintiff have and receive a jury trial on all issues so triable; and

8. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

This the 21st day of July, 2015.

        WOOD JACKSON PLLC

        */s/ J. Christopher Jackson*
        J. Christopher Jackson
        NC State Bar No. 26916
        cjackson@woodjackson.com
        John T. Kivus
        NC State Bar No. 42977
        jkivus@woodjackson.com
        1330 St. Mary's Street, Suite 460
        Raleigh, NC 27605
        Telephone: (919) 829-7394
        Facsimile: (919) 829-7396

        *Attorneys for Plaintiff Lisa Michael*